1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PEDRO TEJEDA,

         Plaintiff,

    v.

MENDEZ, et al.,

         Defendants.

CASE NO. 1:16-cv-01792-MJS (PC)

**ORDER FOR ASSIGNMENT OF DISTRICT JUDGE**

**FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO PROSECUTE**

**(ECF Nos. 8 and 9)**

**FOURTEEN (14) DAY OBJECTION DEADLINE**

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.

      On January 23, 2017, Plaintiff's complaint was dismissed for failure to state a claim, but he was given leave to amend. (ECF No. 8.) Plaintiff did not file an amended pleading in the time provided and, on March 7, 2017, the Court ordered Plaintiff to show cause why the action should not be dismissed, with prejudice, for failure to state a claim, failure to prosecute, and failure to obey a court order. (ECF No. 9.) Plaintiff did not respond to the order to show cause.

1    Local Rule 110 provides that "failure of counsel or of a party to comply with these

2    Rules or with any order of the Court may be grounds for imposition by the Court of any

3    and all sanctions . . . within the inherent power of the Court." District courts have the

4    inherent power to control their dockets and "in the exercise of that power, they may

5    impose sanctions including, where appropriate, default or dismissal." Thompson v.

6    Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with

7    prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure

8    to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)

9    (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-

10   61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a

11   complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure

12   to comply with local rule requiring pro se plaintiffs to keep court apprised of address);

13   Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to

14   comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)

15   (dismissal for lack of prosecution and failure to comply with local rules).

16   In determining whether to dismiss an action for lack of prosecution, failure to obey

17   a court order, or failure to comply with local rules, the Court must consider several

18   factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need

19   to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy

20   favoring disposition of cases on their merits, and (5) the availability of less drastic

21   alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833

22   F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

23   In the instant case, the public's interest in expeditiously resolving this litigation

24   and the Court's interest in managing its docket weigh in favor of dismissal. The third

25   factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a

26   presumption of injury arises from the occurrence of unreasonable delay in prosecuting

27   this action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor –

28   public policy favoring disposition of cases on their merits – is greatly outweighed by the

factors in favor of dismissal discussed herein. Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff is proceeding in forma pauperis and is likely unable to pay monetary sanctions, making such sanctions of little use.

Based on the foregoing, it is HEREBY RECOMMENDED that the action be dismissed, with prejudice, for failure to state a claim, failure to obey a court order, and failure to prosecute. As Plaintiff has not consented to Magistrate Judge jurisdiction, the Clerk of Court is HEREBY DIRECTED to assign this matter to a United States District Judge for consideration of these findings and recommendations.

The findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   April 4, 2017                    /s/ Michael J. Seng
                                         UNITED STATES MAGISTRATE JUDGE

3